UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Docket No.:
PENN-STAR INSURANCE COMPANY,

                                                **COMPLAINT**

                          Plaintiff,

        -against-

DONGBU INSURANCE CO., LTD.,

                          Defendants.
------------------------------------------------------------------------X

      Plaintiff, PENN-STAR INSURANCE COMPANY ("PENN STAR"), by its attorneys, MIRANDA SLONE SKLARIN VERVENIOTIS LLP, as and for its Complaint against DONGBU INSURANCE CO., LTD., ("DONGBU INSURANCE"), alleges, upon information and belief, the following:

      1. This is an action for declaratory relief the obligations of an insurer and money damages owed by DONGBU INSURANCE to PENN STAR for the defense and indemnification of 89th JAMAICA REALTY CO. LLC, an insured of DONGBU INSURANCE as well as PENN STAR, for claims asserted against 89th JAMAICA REALTY CO. LLC, in the action captioned *Peter Kim and Eung Young Lee v. 89th Jamaica Realty Company, LLC,* filed in the Supreme Court of the State of New York, County of Queens, Index No. 703023/2021 ("the Underlying Action").

      2. DONGBU INSURANCE issued a policy of insurance to JFG N.Y. CORP. d/b/a GREEN FARMS SUPERMARKET, ("JFG N.Y.,"), which is a tenant at premises owned by 89TH JAMAICA REALTY, and under the applicable lease and such policy, as well as by admission, DONGBU INSURANCE is obligated to defend and indemnify 89TH JAMAICA REALTY as to the accident and claims asserted against 89TH JAMAICA REALTY in the Underlying Action.

      3. DONGBU INSURANCE has failed to abide by its obligations under its policy, the lease and its own representations, to defend and indemnify 89TH JAMAICA REALTY as to the

1

accident and claims asserted in the underlying Action, and it has denied coverage to 89TH JAMAICA REALTY as to the accident and claims asserted in the Underlying Action.

    4.    PENN STAR seeks, in this action, a declaration as to the obligations of DONGBU INSURANCE to defend and indemnify 89TH JAMAICA REALTY under its policy as to the accident and claims asserted in the Underlying Action, and money damages as to same, including costs, attorney's fees and interest relevant to the Underlying Action and this action.

## THE PARTIES TO THIS ACTION

    5.    At all times hereafter mentioned, Plaintiff PENN STAR was and is a citizen of Pennsylvania, being a domestic limited liability company duly organized and doing business in the State of Pennsylvania with its principal place of business located at Three Bala Plaza East, Suite 300 Bala Cynwyd, Pennsylvania 18004.

    6.    At all times hereinafter mentioned, Defendant DONGBU INSURANCE was and is a citizen of New York, being a domestic limited liability company duly organized and existing pursuant to the laws of the State of New York, with is principal place of business located at 1010 Northern Boulevard, Suite 238, Great Neck, NY 11021.

## THIS COURT'S JURISDICTION AND VENUE

    7.    This Court has subject matter jurisdiction, pursuant to 28 U.S.C. Section 1332, due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interest and costs, based upon the claims asserted in the Underlying Action and money damages sought herein as against defendant for defense and indemnification of 89TH JAMAICA REALTY for the claims asserted in the Underlying Action.

    8.    Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the Underlying Action is pending in this district and concerns an accident in this district.

9. An actual justiciable controversy exists between the parties as to the coverage afforded to 89TH JAMAICA REALTY as to the claims in the Underlying Action.

10. Plaintiff has no adequate remedy at law as to the declaratory relief sought in this action and the damages that flow from the rights of PENN STAR as insurer of 89TH JAMAICA REALTY as to the claims in the Underlying Action.

## THE UNDERLYING ACTION RELEVANT TO THIS ACTION

11. In the Underlying Action, PETER KIM and EUNG YOUNG LEE seek damages for injuries allegedly sustained on or about November 4, 2013, from an accident at or near the premises at 89-01 165th Street, Jamaica, New York (hereinafter "Premises.")

12. A copy of the Complaint filed in the Underlying Action is annexed hereto as Exhibit "A." All pleadings and proceedings in that action are hereby incorporated herein by reference.

13. At the relevant time, 89TH JAMAICA REALTY was and remains the owner of the Premises, and in the Underlying Action, 89TH JAMAICA REALTY has been sued as to the condition and accident on the Premises.

14. At the relevant time, JFG N.Y., was and remains a tenant at the Premises, and in the Underlying Action, JFG N.Y., was sued as the tenant at the Premises allegedly responsible for the condition, location and the accident claimed.

15. In the Underlying Action, the claims asserted against 89TH JAMAICA REALTY arise from the tenancy and occupancy of JFG N.Y., at the Premises.

16. The agreement as to possession and occupancy of the Premises by JFG N.Y., at the relevant time period obligates JFG N.Y., to defend and indemnify 89TH JAMAICA REALTY for the claims asserted against 89TH JAMAICA REALTY arisings from the tenancy and occupancy of JFG N.Y., at the Premises such as the claims asserted in the Underlying Action.

17. The agreement as to possession and occupancy of the Premises by JFG N.Y., at the relevant time period obligates JFG N.Y., to purchase additional insured coverage for 89TH JAMAICA REALTY such that the insurers of JFG N.Y., are obligated to defend and indemnify 89TH JAMAICA REALTY for the claims asserted against 89TH JAMAICA REALTY arisings from the tenancy and occupancy of JFG N.Y., at the Premises, such as the Underlying Action.

## THE DONGBY POLICY AND PRIOR ADMISSION OF COVERAGE

18. DONGBU INSURANCE issued a general liability insurance policy to JFG N.Y., effective June 25, 2013 to June 25, 2014, numbered NBP 1322556 00 ("the Dongbu Policy").

19. The Dongbu Policy affords coverage for defense and indemnification of 89TH JAMAICA REALTY as to the claims asserted in the Underlying Action.

20. By letter dated October 19, 2020, DONGBU INSURANCE, through its third-party administrator, Sedwick, acknowledged its obligation and agreed to defend and indemnify 89TH JAMAICA REALTY as to the accident and claims asserted in the Underlying Action under the provisions and up to the full limits of the Dongbu Policy.

21. PENN STAR has relied on such representations by DONGBU INSURANCE as to the latter's obligations for defense and indemnification of 89TH JAMAICA REALTY as to the accident and claims asserted in the Underlying Action under the provisions and up to the full limits of the Dongbu Policy.

22. By letter dated July 7, 2022, DONGBU INSURANCE, through counsel, has now communicated to PENN STAR, 89TH JAMAICA REALTY and counsel in the Underlying Action that DONGBU INSURANCE is denying coverage to 89TH JAMAICA REALTY for defense and indemnification as to the claims in the Underlying Action under the provisions and up to the full limits of the Dongbu Policy.

23. DONGU INSURANCE should be barred and estopped from denying coverage and obligation for defense and indemnification of 89TH JAMAICA REALTY as to the claims in the Underlying Action.

## THE PENN STAR POLICY AND EXCESS POSITION

24. Plaintiff PENN STAR issued a general liability insurance policy to 89th Jamaica Realty, effective December 5, 2012 to December 5, 2013, numbered PAC6994834 ("the Penn Star Policy").

25. The Penn Star Policy affords coverage for 89TH JAMAICA REALTY for defense and indemnification as to the claims in the Underlying Action as excess above the Dongbu Policy.

26. PENN STAR relied upon the prior admission of coverage and representation of DONGBU INSURANCE that it would defend and indemnify 89TH JAMAICA REALTY as to the claims in the Underlying Action under the provisions and up to the full limits of the Dongbu Policy.

27. DONGBU INSURANCE, as primary insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action, has obligations and duties owed to 89TH JAMAICA REALTY as well as PENN STAR as an excess insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action.

28. DONGBU INSURANCE, as primary insurers for 89TH JAMAICA REALTY for the claims in the Underlying Action, has breached its obligations and duties owed to 89TH JAMAICA REALTY and PENN STAR as an excess insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action.

29. PENN STAR as an excess insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action stands in the position and is entitled to enforce the rights of 89TH

JAMAICA REALTY as to obligations and duties owed to 89TH JAMAICA REALTY by DONGBU INSURANCE under the Dongbu Policy with respect to the claims asserted against 89TH JAMAICA REALTY in the Underlying Action.

30. PENN STAR as an excess insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action relied on the prior representations of DONGBU INSURANCE that it would defend and indemnify 89TH JAMAICA REALTY under the Dongbu Policy as to the prior proceedings and handling of the claims in the Underlying Action, including settlement negotiations.

31. DONGBU INSURANCE has unreasonably delayed in denying coverage under the Dongbu Policy as to the claims in the Underlying Action and should be estopped from denying coverage to 89TH JAMAICA REALTY as to the claims in the Underlying Action.

### AS AND FOR A FIRST CAUSE OF ACTION
### FOR DECLARATION AS TO COVERAGE UNDER THE DONGBU POLICY

32. PENN STAR repeats all previous allegations stated above.

33. A declaration of coverage under the Dongbu Policy is warranted in that the Dongbu Policy affords coverage for defense and indemnification of 89TH JAMAICA REALTY as to the claims in the Underlying Action.

34. A declaration of coverage under the Dongbu Policy is warranted in that DONGBU INSURANCE has misrepresented its position to PENN STAR, and PENN STAR has relied on the representations of DONGBU INSURANCE that it would defend and indemnify 89TH JAMAICA REALTY under the Dongbu Policy as to the claims in the Underlying Action.

35. DONGBU INSURANCE, as a primary insurer for 89TH JAMAICA REALTY for the claims in the Underlying Action, has breached its obligations and duties owed to 89TH

JAMAICA REALTY and PENN STAR as an excess insurer for 89TH JAMAICA REALTY as to the claims in the Underlying Action.

36. PENN STAR therefore requests the entry of a judgment declaring that DONGBU INSURANCE has an obligation to defend and indemnify 89TH JAMAICA REALTY under the Dongbu Policy with respect to the claims in the Underlying Action.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR DECLARATION OF EXCESS STATUS FOR PENN STAR

37. PENN STAR repeats all previous allegations stated above.

38. The coverage provided to 89th JAMAICA REALTY under the Penn Star Policy is excess above the coverage provided and owed to 89th JAMAICA REALTY under the Dongbu Policy as to the claims asserted against 89TH JAMAICA REALTY in the Underlying Action by operation of the policies' respective "other insurance" provisions.

39. The coverage provided to 89th JAMAICA REALTY under the Penn Star Policy is excess and above the coverage provided and owed to 89th JAMAICA REALTY by any other insurer as to the claims asserted against 89TH JAMAICA REALTY in the Underlying Action.

40. PENN STAR is thus entitled to a declaration that its policy is excess over the Dongbu Policy and all other policies affording coverage to 89TH JAMAICA REALTY as to the claims asserted in the Underlying Action.

**WHEREFORE**, Plaintiff PENN STAR demands that the Court issue a judgment as follows:

    A. declaring that DONGBU INSURANCE has an obligation to defend and indemnify 89TH JAMAICA REALTY under and up to the full limits of the Dongbu Policy with respect to the claims in the Underlying Action;

B. declaring that PENN STAR's coverage of 89TH JAMAICA REALTY under the Penn Star Policy as respects the claims in the Underlying Action is excess to and above the coverage afforded and due to 89TH JAMAICA REALTY under the Dongbu Policy as to the claims in the Underlying Action;

C. awarding PENN STAR judgment against DONGBU INSURANCE for all amounts it has incurred and/or will incur defending and, if necessary, indemnifying 89TH JAMAICA REALTY as to the claims in the Underlying Action; and

D. granting such other relief as the Court deems proper, including costs, attorney's fees, interest and exemplary, punitive or bad faith damages.

Dated: Mineola, New York
November 3, 2022

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

s/Steven Verveniotis

_____

By: Steven Verveniotis
Attorneys for Plaintiff
PENN STAR INSURANCE COMPANY
240 Mineola Boulevard
Mineola, NY 11501
(516) 741-7676
File No. 22-240