UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   CIV: 1:22-cv-06707-BMC
PENN-STAR INSURANCE COMPANY,

                              Plaintiff,

-against-                       **AMENDED JUDGMENT**

DONGBU INSURANCE CO., LTD.,

                              Defendants.
------------------------------------------------------------------X

**COGAN**, District Judge.

A Memorandum Decision and Order of This Court, having been filed on September 26, 2024, granting the motion of Penn-Star Insurance Company ("Penn-Star), for summary judgment as to declaratory relief and for money damages against defendant Dongbu Insurance Co., Ltd ("Dongbu") with respect to Dongbu's obligations as to the defense and indemnification of claims asserted against 89th Jamaica Realty Co. LLC ("89th Jamaica") in the action captioned <u>Peter Kim and Eung Young Lee v. 89th Jamaica Realty Company, LLC</u>, filed in the Supreme Court of the State of New York, County of Queens, Index No. 703023/2021 ("the Underlying Action"), and denying the cross-motion of Dongbu, it is hereby

ORDERED, ADJUDGED, and DECREED that Dongbu is estopped from denying the obligation to pay under the Dongbu Policy, numbered 1322556, issued by Dongbu to JGF N.Y., for the policy period of June 25, 2013 to June 25, 2014 (the "Dongbu Policy"), the indemnification paid by Penn-Star and the excess insurer Allied World Assurance Company (as per agreement submitted as Exhibit "O" to Penn-Star's moving papers) to settle the claims asserted against 89th Jamaica in the Underlying Action; and it is further

ORDERED, ADJUDGED and DECREED that Dongbu is obligated to pay under the Dongbu Policy to reimburse Penn-Star for the amounts paid in the defense and settlement of the claims asserted against 89th Jamaica in the Underlying Action; and it is further

ORDERED, ADJUDGED, and DECREED that the policy of insurance issued by Penn-Star to 89th Jamaica is excess over and above the Dongbu Policy, such that the Dongbu Policy must be paid in full prior to payments by Penn-Star as to the settlement of the claims asserted against 89th Jamaica in the Underlying Action; and it is further

ORDERED, ADJUDGED, and DECREED that Dongbu is obligated to reimburse Penn-Star, in its position pursuing recovery both for itself and Allied World Assurance Company, the sum of $750,000, the amount remaining under the Dongbu Policy with limits of $1,000,000, after accounting for the payment by Dongbu of $250,000 to the settlement of the Underlying Action, to reimburse Penn-Star up to the remaining limits of the Dongbu Policy; and it is further

ORDERED, ADJUDGED, and DECREED that Dongbu is obligated to reimburse Penn-Star under the Dongbu Policy the sum of $24,343.00 as to the defense costs incurred by Penn-Star, after Dongbu's untimely disclaimer, defending the claims asserted against 89th Jamaica in the Underlying Action, as detailed in Penn-Start's proof of such payments attached as Exhibit "V" on the motion for summary judgment and not objected to by Dongbu; and it is further

ORDERED, ADJUDGED, and DECREED that Plaintiff is awarded prejudgment interest as against Defendant, at a rate of 5% from the date of the March 3, 2023, in the amount of $ 60,234.98; and it is further

3

ORDERED, ADJUDGED, and DECREED that Plaintiff is awarded prejudgment interest as against Defendant with respect to defense costs incurred by Penn-Star, at a rate of 5% from the date of March 3, 2023, in the amount of $ 1,955.07.

                                               *Brian M. Cogan*
                                               U.S.D.J.

Dated: Brooklyn, New York
      ~~October~~ __, 2024
      Nov. 1